RECEIVED
IN ALEXANDRIA, LA.
JUN 29 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

IMPORTANT NOTICE: COURTESY COPIES OF DOCUMENTS YOU FILE SHOULD **NOT** BE PROVIDED TO ANY JUDGE. ALL COMMUNICATIONS WITH THE COURT SHALL **ONLY** BE THROUGH DOCUMENTS FILED WITH THE CLERK OF COURT.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DERRICK LEE (#317985)** | **DOCKET NO. 10-CV-515; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **CCA OF TENNESSEE, ET AL.** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL

Before the Court is the civil rights complaint (42 U.S.C. §1983) of Derrick Lee, filed pro se and *in forma pauperis* on March 19, 2010. Plaintiff is incarcerated at Winn Correctional Center (WNC) in Winnfield, Louisiana. He names as Defendants Tim Wilkinson, Pat Thomas, Winn Correctional Center (WNC), and Corrections Corporation of Tennessee. Plaintiff claims that the Defendants have violated his rights guaranteed by the Eighth Amendment to the United States Constitution. He seeks injunctive relief in the form of an order that Defendants provide him with special tennis shoes, and he also seeks compensatory and punitive damages.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court. **For the following reasons, it is recommended that the claims against Winn Correctional and Corrections Corporation be dismissed and that the claims against Warden Wilkinson and Pat**

**Thomas be served.**

## FACTS & BACKGROUND

Plaintiff alleges that:

- In 2001, while previously housed at Allen Correctional Center, he was diagnosed with severely "damaged feet" by a "foot specialist," and he was prescribed special tennis shoes.

- In 2003, while housed at WNC, the Winn medical department reissued the special prescription tennis shoes.

- In 2005, WNC medical department issued Plaintiff a prescription stating that Plaintiff "may have tennis shoes from family - must be sent from vendor and approved by security." [Doc. #1, p.12, Exhibit A]

- Plaintiff alleges that in 2007, the warden and medical director stopped Plaintiff from receiving special shoes from an outside vendor.

- On November 6, 2009, Dr. Pacheco gave Plaintiff a medical prescription to allow his family to send special tennis shoes again.

- Plaintiff's mother ordered special shoes for Plaintiff, which were shipped to WNC by a vendor.

- When the shoes arrived, Pat Thomas and Tim Wilkinson refused to implement Dr. Pacheco's orders and had the shoes shipped back to the vendor.

- As a result of the denial of special shoes, Plaintiff has suffered from "bleeding open sores" and blisters as well as "permanent scars on his feet."

Plaintiff submitted with his complaint a copy of the first step response form from the unit head on February 18, 2010. The response states that the shoes mailed to Plaintiff **were not approved by security** and that **the order for special shoes was**

**rescinded by the doctor.** Finally, the response states that **Plaintiff should purchase "supportive footwear through the canteen."** [Doc. #1, p.11]

## LAW AND ANALYSIS

### 1. Winn Correctional Center as a Defendant

Plaintiff names Winn Correctional as a defendant. Federal Rule of Civil Procedure 17(b) provides the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether Winn has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24. A review of the Louisiana Secretary of State's corporation database suggests that WNC is not a corporation, and, as such, not a juridical person. Plaintiff has failed to allege or establish otherwise; therefore, Winn should be dismissed as a defendant.

### 2. Corrections Corporation of Tennessee as a Defendant

Plaintiff also names Corrections Corporation of Tennessee as a defendant, seeking to hold it liable under §1983 for the acts of its employees. However, just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, so is a private corporation

not vicariously liable under §1983 for its employees' deprivations of others' civil rights. <u>Rosborough v. Mgmt. & Training Corp.</u>, 350 F.3d 459, 461 (5th Cir. 2003); <u>Austin v. Paramount Parks, Inc.</u>, 195 F.3d 715, 728 (4th Cir. 1999); <u>Street v. Corrections Corporation of America</u>, 102 F.3d 810, 817-18 (6th Cir. 1996)(CCA cannot be held liable under §1983 on respondeat superior or vicarious liability basis). Rather, a private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." <u>Id.</u>

The compliant is devoid of any allegations that an official policy or custom of Corrections Corporation of Tennessee was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights. Accordingly, Plaintiff's claims against Corrections Corporation of Tennessee should be dismissed.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's complaint **as to Corrections Corporation of Tennessee and Winn Correctional Center only** be **DENIED and DISMISSED WITH PREJUDICE** as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B). **Plaintiff's claims for damages and injunctive relief against Warden Wilkinson and Pat Thomas will be served on those two defendants.**

Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b),

parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 29th day of June, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE